UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60857-COHN/STRAUSS

DISABLED PATRIOTS OF AMERICA, INC.,

   Plaintiff,

v.

TROPICAL PARADISE RESORTS, LLC,

   Defendant.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO LIMIT PLAINTIFF'S RULE 34 INSPECTION OF DEFENDANT'S PREMISES AND INCORPORATED MEMORANDUM OF LAW

**THIS CAUSE** is before me upon Defendant's Motion to Limit Plaintiff's Rule 34 Inspection of Defendant's Premises and Incorporated Memorandum of Law ("Motion to Limit Inspection"). (DE 19). Plaintiff has filed a response ("Response"). (DE 22). Defendant has replied ("Reply"). (DE 23). Therefore, the Motion to Limit Inspection is ripe for review. Having reviewed the Motion to Limit Inspection, the Response, the Reply and the record ins this case and being otherwise duly advised, the Motion to Limit Inspection is **GRANTED IN PART AND DENIED IN PART** for the reasons stated herein.

On April 21, 2021, Plaintiff filed a complaint ("Complaint") alleging violations of Title III of the Americans with Disabilities Act, 42 USC § 12181 *et seq.*; 28 USC § 2201 and § 2202 ("ADA") at a Rodway Inn & Suites in Ft. Lauderdale, Florida that is operated by Defendant. (DE 1 at ¶ 2, 4, 8-9, 12). The Complaint includes a detailed list of "violations which [Plaintiff] personally encountered or observed." (DE 1 at ¶ 12). On July 7, 2021, Plaintiff served Plaintiff's Notice of

Request for Entry Upon Land for Inspection and Other Purposes ("Notice").  (DE 20).  The Notice defines the area of inspection as follows:

1. Any and all Parking Area(s) provided for use by the public, customers and invitees;

2. Any and all entrances and Path(s) of Travel areas provided for public;

3. All access(es) to goods and services and restrooms, as applicable, throughout the hotel;

4. *Any and all areas of the public accommodation*, excepting only work areas used exclusively by employees, which include, but are not limited to all common areas of the public accommodation;

5. All disabled rooms of every category of disabled rooms offered, such as disabled room with roll-in shower, with a tub, with double beds, and with a single bed, and a disabled suite if provided; if no disabled suite is provided, a non-disabled suite; and

6. All other areas cited in paragraph 12 of the Complaint as being in violation of the ADA.

(DE 20) (emphasis added).

Defendant objects to the scope of the inspection and argues that the inspection "should be limited to barriers [Plaintiff] actually encountered on his visit to the Defendant's premises and further limited to the specific violations alleged in the Complaint."  (DE 19 at ¶ 2).  Plaintiff responds that he attempted by email, on July 20, 2021 at 12:09 PM, to limit the inspection by Plaintiff's expert and Plaintiff's counsel to the following "proposed specific inspection for each violation in the Complaint" (DE 22 at ¶ 8):

1. Under accessible route—Par 12A—the allegation is that the facility does not provide an accessible route that is connected from the accessible spaces and passenger loading zone, public streets and sidewalks, and public transportation stops to the accessible facility entrances they serve—we plan to identify the one accessible route that is needed that connects the elements set forth—please advise if you have any objection.

2. The running slope of the walkway on the accessible route to the guestroom, as shown on page 3 of Plaintiff's initial expert report.

2

3. To observe and measure the passenger loading zone area, as shown on page 3 of the Plaintiff's expert report under the heading parking.

4. To count all parking spaces to determine the number of required accessible parking spaces.

5. All disabled parking spaces and the accessible route from the parking spaces to the respective entrances they serve and curb ramps that lead from the accessible parking spaces – see top of page 4 of the initial expert report of Plaintiff's expert.

6. All tables in the pool area.

7. Common men's restroom, as shown on page 6 & 7 of Plaintiff's initial expert report.

8. Guest room 4151 and all other disabled rooms.

("July 20, 2021 Email"). (DE 22-5).

Defendant then filed the Motion to Limit Inspection on July 20, 2021 at 9:32 PM. The Motion to Limit Inspection includes a Certificate of Conferral. (DE 19 at 3). Plaintiff, however, argues that Defendant's counsel "never consulted [Plaintiff's counsel] before filing [the subject motion], and that merely repeating that the inspection must be limited to the allegation[s] of the Complaint, is not a good faith effort to resolve the issues raised in [the subject motion]." (DE 22 at 3). Defendant's Reply argues that, in "a lengthy telephone conversation regarding the issues set forth in Defendant's Motion . . . Plaintiff's counsel vehemently demanded that he be permitted to inspect the entire premises for ADA violations" in contravention of case law in this District. (DE 23 at 1). Defendant further contends that the parties have been unable to resolve the issue and that, "to date, the Plaintiff has never amended its Rule 34 inspection demand which seeks to examine '[a]ny and all areas of the public accommodation, excepting only work areas used exclusively by employees, which include but are not limited to all common areas of the public accommodation.'" (DE 23 at 1-2).

"[A] plaintiff only has standing to seek relief for ADA violations 'which affect his specific disability, and that he personally encountered or about which he had actual notice' at the time the complaint was filed." *Access 4 All, Inc. v. Bamco VI, Inc.*, No. 11-61007-CIV, 2012 WL 33163, at *3 (S.D. Fla. Jan. 6, 2012) (quoting *Access Now, Inc. v. S. Fla. Stadium Corp.*, 161 F. Supp. 2d 1357, 1365 (S.D. Fla. 2001) and also citing, among other authority, *Norkunas v. Seahorse NB, LLC*, No. 11–12402, 2011 WL 5041705, at *2 (11th Cir. Oct.25, 2011) (stating in a case where plaintiff did not request an accessible room that, "[b]ecause [plaintiff] did not experience discrimination as a result of his stay in a designated accessible room, he was not discriminated against through barriers contained therein and he does not meet the injury in fact requisite for standing")). Indeed, [i]t is well-established that Rule 34 inspections in ADA cases are limited to the specific barriers alleged in the complaint." *Sierra v. Hollywood All Suite, LLC*, No. 18-61538-CIV, 2018 WL 5807641, at *1 (S.D. Fla. Nov. 6, 2018) (citations omitted).

Despite the clear standard in this District limiting Rule 34 Inspections in ADA cases to a complaint's allegations pertaining to barriers, Plaintiff's Notice essentially requests to inspect all areas of public accommodation. Although Plaintiff points to its July 20, 2021 Email seeking to limit the Rule 34 inspection to the barriers specifically alleged in the Complaint, Defendant counters that the parties had a phone conversation whereby they had reached an impasse due to Plaintiff's alleged insistence on inspecting the entire premises. Nonetheless, Defendant does not attempt to specifically define an acceptable scope of inspection nor does Defendant specifically respond to the scope proposed by Plaintiff in its July 20, 2021 Email.

The parties should be able to work together to resolve this dispute. The standard is clear. Even so, given Plaintiff's Notice that blatantly sought an overbroad inspection, given Defendant's concern, based on a phone conversation on an unspecified date, that Plaintiff is determined to

conduct an overly broad inspection, and given the need for specificity as to the permitted scope of inspection beyond the vague description that the inspection "should [be] limit[ed] . . . to the barriers specifically identified in the Complaint," I find that the inspection should be limited as described in Plaintiff's July 20, 2021 Email.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Limit Inspection is **GRANTED IN PART AND DENIED IN PART** as follows:

1. To the extent that Defendant seeks to limit the scope of Plaintiff's Rule 34 inspection, without more specificity, "to barriers [Plaintiff] actually encountered on his visit . . . and to the specific violations alleged in the Complaint," the Motion to Limit Inspection is **DENIED**;

2. Plaintiff shall be permitted to inspect the subject premises in accordance with its July 20, 2021 Email as detailed above; and

3. To the extent that Defendant seeks to otherwise restrict Plaintiff's Rule 34 inspection beyond the scope specifically detailed in Plaintiff's July 20, 2021 Email, the Motion to Limit Inspection is **GRANTED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 2nd day of August 2021.

Jared M. Strauss
United States Magistrate Judge