UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60857-COHN/STRAUSS

DISABLED PATRIOTS OF AMERICA, INC.,

    Plaintiff,

v.

TROPICAL PARADISE RESORTS, LLC,

    Defendant.
_____/

### ORDER

**THIS CAUSE** is before me upon Plaintiff's Motion to Compel Defendant, Tropical Paradise Resorts, LLC, Pursuant to Fed. R. Civ. P. 37(a)(5)(A) to Answer Plaintiff's Interrogatories, Dated June 22, 2021, Request for Production [("RFP")], Dated June 22, 2021 and Deem Request for Admissions [("RFAs")], Dated June 22, 2021 Admitted and for Sanctions Pursuant to Fed. R. Civ. P. 37(a)(5)(A) ("Motion to Compel"). (DE 25). The District Court has referred to me all pretrial discovery motions pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida. (DE 4). Defendant has filed a response.[1] (DE 30). Plaintiff has filed a reply. (DE 33). Therefore, the Motion to Compel is ripe for review. Having carefully reviewed the motion, the response, the reply and the record and being otherwise duly advised, the Motion to Compel is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

---

[1] Defendant's response is an amended response to correct the date of scheduled mediation as September 13, 2021. (DE 30 at n.1).

On April 21, 2021, Plaintiff filed a complaint ("Complaint") alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*; 28 U.S.C. § 2201 and § 2202 ("ADA") at a Rodeway Inn & Suites in Ft. Lauderdale, Florida that is operated by Defendant. (DE 1 at ¶ 2, 4, 8-9, 12). On April 22, 2021, the District Court set trial for the two-week trial period commencing January 31, 2022. (DE 4). On June 21, 2021, the Court entered a scheduling order setting pretrial deadlines, including a deadline of July 21, 2021 for the parties to exchange rule 26(a)(1) initial disclosures, a deadline for completion of fact discovery of October 28, 2021 and a deadline for completion of expert discovery of November 12, 2021. (DE 11). The parties have found it challenging to work together to complete discovery, and a lack of proper conferral effort appears to be a contributing factor.

For example, on July 20, 2021 at 9:32 PM, Defendant filed a motion for protective order to limit Plaintiff's Rule 34 Inspection. (DE 19). Plaintiff responded that he attempted by email, on July 20, 2021 at 12:09 PM, to limit the inspection by Plaintiff's expert and Plaintiff's counsel to "proposed specific inspection[s] for each violation in the Complaint." (DE 22 at ¶ 8). However, according to Plaintiff, Defendant did not confer before filing the motion for protective order. (DE 22 at 3). Defendant's Reply argued that Plaintiff had insisted on an overly broad inspection and never amended his Rule 34 inspection demand. (DE 23). Noting that the parties *themselves should have been able to resolve the matter*, I issued an order permitting Plaintiff to inspect the premises in accordance with its July 20, 2021 email. (DE 24).

On August 25, 2021, Plaintiff filed the instant Motion to Compel and states that it submitted its First Set of Interrogatories, Request for Production and Request for Admissions to Defendant on June 22, 2021. (DE 25 at ¶2). Plaintiff also avers that Defendant refused to respond to the propounded discovery and responded to Plaintiff's requests by stating that "it plans to settle

once it receives the Plaintiff's settlement documents and expert report." *Id.* at ¶3.  Further, Plaintiff states that, although a Rule 34 inspection occurred on August 10, 2021, Plaintiff has been unable to produce its expert report because Plaintiff's expert contracted Covid.  *Id.*  Plaintiff also notes that its expert report is not due until September 30, 2021. *Id.*  Plaintiff contends that it needs the information requested by the propounded discovery requests, in part, to comply with the Court's scheduling order requiring Plaintiff to produce its Rule 26(a)(2) expert witness disclosures and summaries/reports by the September 30, 2021 deadline. *Id.* at ¶4.  Plaintiff notes that one of the expert reports relates to determining the financial ability of Defendant to undertake barrier removal on the subject premises, and Plaintiff's financial expert needs thirty (30) days to accomplish same. *Id.*  In addition to sanctions, Plaintiff requests that the Court compel Defendant to serve responses to the RFP and Interrogatories within fifteen (15) days of the Court's Order and to order that the RFAs be deemed admitted.  *Id.* at 2.

Defendant argues that "[t]here is no need for the discovery sought or alternatively, if the case does not settle, the deadlines in this case can be moved a few months back as even if the property is in non-compliance with the ADA, the Plaintiff has no plans to stay at the hotel or to come to Florida any time soon and the hotel has not received any ADA related complaints from anyone else." (DE 30 at ¶6).  Defendant also argues that Plaintiff only filed the Motion to Compel because its expert contracted Covid, which delayed drafting a proposed settlement and gave Plaintiff concern about the case's pretrial deadlines.  *Id.* at ¶¶2-4.  Defendant's counsel further avers that he has handled about 50 ADA cases and "practically all end with the signing of a settlement agreement such as the one contemplated by the parties herein." *Id.* at ¶5.  Defendant notes that the parties are scheduled to mediate on September 13, 2021.  *Id.* at ¶6.  Finally, Defendant argues that the Motion to Compel is untimely pursuant to Local Rule 26.1(g)(1), which

3

requires the Motion to have been filed within 30 days of when responses were due. *Id.* at ¶7 (citing S.D. Fla. L.R. 26.1(g)(1)).

Following the Court granting an extension of time because the parties reported to be working towards settlement (DE 31; DE 32), Plaintiff filed its reply on September 10, 2021 arguing that it brought the Motion to Compel within thirty (30) days of the "occurrence of grounds for the motion" because, on August 2, 2021, Defendant's counsel refused to commit to producing the financial information that Plaintiff requested. (DE 33 at 6) (referencing email correspondence attached as Exhibit E). Plaintiff argues that, central to this case, is whether remediation of the alleged barriers is "readily achievable," which Plaintiff can prove through its expert's examination of Defendant's financial information or through admission of Plaintiff's Request for Admission Number 6 stating that "the removal of any barriers to access on the subject property is 'readily achievable.'" (DE 33 at 7).

Under the Federal Rules of Civil Procedure, a party may pose interrogatories related to any matter into which Rule 26(b) allows inquiry, Fed. R. Civ. P. 33 (a)(2), request the production of any documents that fall within the scope of Rule 26(b), Fed. R. Civ. P. 34(a), and serve requests to admit certain matters within the scope of Rule 26(b)(1), Fed. R. Civ. P. 36(a)(1). Under S.D. Fla. L.R. 26.1(g)(1), "[a]ll disputes related to discovery shall be presented to the Court by motion . . . within (30) days from the . . . original due date (or later date if extended by the Court or the parties) of the response or objection to the discovery request that is the subject of the dispute." The rule also states that "[f]ailure to present the dispute to the Court within that timeframe, absent a showing of good cause for the delay, *may* constitute a waiver of the relief sought *at the Court's discretion*." *Id.* (emphasis added). Rule 37 provides that, if a motion to compel a discovery response is granted, "the court must, after giving an opportunity to be heard, require the party or

4

deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" with certain exceptions permitted, including "other circumstances [that] make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Likewise, if a motion to compel is denied, Rule 37 provides for the same award of expenses to the opponent of the motion. Fed. R. Civ. P. 37(a)(5)(B).

Here, I find that circumstances warrant granting the Motion to Compel only to the extent that it seeks to compel responses to the RFP and Interrogatories. Under the Federal Rules of Civil Procedure, the Court need not take action for RFAs to be deemed admitted where there is no response.[2] Fed. R. Civ. P. 36(a). As to the RFP and Interrogatories, the Court will exercise its discretion to not deem Plaintiff's requested relief waived for failure to file the Motion to Compel within the timeframe provided by the Local Rules[3] and will grant, in part, the motion to compel. Defendant apparently did not raise any proper objections to the requests, and Defendant raises no proper grounds for failing to serve responses. Defendant's statement that "there is no need for the discovery" is both vague and improper, as is the flippant remark that "the deadlines in this case

---

[2] I do not address Defendant's request for a ten-day enlargement of time from the date of the Court's Order to file a response to the RFAs. (DE 30 at ¶8). The request has not been brought by motion, has not been subject of conferral (as the response contains no certificate of conferral), has not been briefed and is, therefore, not properly before the Court. "[T]he Court remains free to ignore or deny any requests for relief that run afoul of the Local Rules or are otherwise improper." *Motorola Mobility, Inc. v. Apple Inc.*, No. 1:10-CV-23580-RNS, 2012 WL 12844725, at *1 (S.D. Fla. July 9, 2012). Similarly, to the extent that Defendant may later argue that there is good cause for not deeming certain facts admitted, the issue is not fully briefed, and the Court declines to decide it at this juncture as Plaintiff appears to suggest in its reply. (DE 33 at 6-8).

[3] Responses were due thirty (30) days after the discovery requests were served on June 22, 2021, (i.e. July 22, 2021). The thirty-day period within which to seek relief began that day, when Defendant failed to respond, not on August 2, as Plaintiff argued. The Motion to Compel was filed on August 25, 2021, or five (5) days beyond the deadline set forth in the Local Rules.

5

can be moved a few months back." (DE 30 at ¶6).[4]  Therefore, I find that Defendant has waived objections to the RFP and Interrogatories.

However, I do not find cause to impose sanctions at this juncture because the parties should have been able to resolve this dispute themselves by agreeing to extend certain deadlines while they engaged in settlement discussions.  The dispute here appears to be about timing and the parties' efforts to reach a settlement before the Court's pretrial deadlines prejudice Plaintiff.  The pretrial deadlines for exchanging Rule 26(a)(2) expert disclosures and summaries/reports and rebuttal summaries/reports have some flexibility, and the parties could have agreed themselves upon extension of the expert reports deadlines due to their (laudable) focus on settlement.[5]  The parties, however, continue to exhibit challenges with proper conferral as further evidenced by the emails attached to their briefings on this motion.[6]  Therefore, once again, the Court finds that both parties' conferral efforts fall short and that they should have been able to resolve this dispute without Court intervention.  As such, I decline to impose sanctions at this juncture but caution the parties that the Court expects improved efforts at conferral moving forward.

Accordingly, it is hereby

---

[4] Defendant, as it must surely know, does not decide the necessity of the subject discovery nor does Defendant decide whether "the deadlines in this case [get] moved." *Id.*  Moreover, the belief that the opposing party is being overly-sensitive to court-imposed deadlines and the presumption that deadlines could be moved if the parties made a proper motion does not excuse a party from the obligation of responding to discovery, particularly absent an agreement between the parties to seek an extension of deadlines.

[5] The flexibility exists to the extent all expert discovery can be completed by the deadline of November 12, 2021.  (DE 11).  The parties also have the ability to request an extension of the deadlines for expert summaries/reports by agreed motion, which agreed motions the Court readily grants with an averment that no other deadlines are affected.  Requests to extend other case deadlines must be made by motion to the District Court.

[6] The parties would be better served by actually speaking to one another about the issues upon which they disagree.

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel (DE 25) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. To the extent that Plaintiff seeks the Court to order the RFAs admitted, the Motion to Compel is **DENIED**;

2. To the extent that Plaintiff seeks to compel Defendant to respond to the RFP and Interrogatories, the Motion to Compel is **GRANTED**. Any objections are **WAIVED**, and Defendant shall serve responses to the RFP and Interrogatories within ten (10) days of this Order;

3. The parties are **ORDERED** to confer, **on or before September 20, 2021**, by actually speaking in person, about dates for exchanging Rule 26(a)(2) expert disclosures and summaries/reports, including rebuttal summaries/reports that do not exceed the deadline of November 12, 2021 for completion of all expert discovery. The parties shall promptly file a joint notice of compliance thereafter and may file a motion to extend such deadlines as long as the requested dates do not exceed the November 12, 2021 deadline for all expert discovery to be completed;

4. To the extent that Plaintiff seeks sanctions, the Motion to Compel is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 13th day of September 2021.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge